**UNITED STATES COURT OF INTERNATIONAL TRADE**

| | |
|---|---|
| **JA SOLAR USA INC, JA SOLAR VIETNAM CO. LTD. AND JA SOLAR PV VIETNAM CO. LTD.,**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**UNITED STATES,**<br><br>**Defendant.** | **Ct. No. 25-00158** |

**COMPLAINT**

Plaintiffs JA Solar USA Inc., JA Solar Vietnam Co. Ltd. and JA Solar PV Vietnam Co. Ltd. (collectively "JA Solar"), by and through their counsel, allege as follows:

## I. PROCEEDING UNDER REVIEW

1. This action seeks judicial review of certain aspects of the Final Determination of the antidumping ("AD") investigation and the subsequent AD order on Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules, from the Socialist Republic of Vietnam conducted by the Department of Commerce ("Commerce"). See Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules From the Socialist Republic of Vietnam: Final Affirmative Determination of Sales at Less Than Fair Value and Final Affirmative Determination of Critical Circumstances, in Part, 90 Fed. Reg. 17,388 (Dep't of Commerce Apr. 25, 2025) ("Final Determination"), and accompanying Issues and Dec. Mem. ("Final I&D Mem."); Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules From the Socialist Republic of Vietnam: Amended Final Antidumping Duty Determination; Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules From Cambodia, Malaysia,

Thailand, and the Socialist Republic of Vietnam: Antidumping Duty Orders, 90 Fed. Reg. 26,786 (Dep't of Commerce June 24, 2025) ("AD Order"); Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules From the Socialist Republic of Vietnam: Amended Final Antidumping Duty Determination; Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules From Cambodia, Malaysia, Thailand, and the Socialist Republic of Vietnam: Antidumping Duty Orders; Correction, 90 Fed. Reg. 29,843 (Dep't of Commerce July 7, 2025) ("Am. AD Order"). The investigation in question covers entries of crystalline silicon photovoltaic cells, whether or not assembled into modules ("solar cells"), during the period October 1, 2023, through March 31, 2024.

## II. JURISDICTION AND STANDARD OF REVIEW

2. JA Solar brings this action pursuant to the Tariff Act of 1930, as amended (the "Act"), sections 516A(a)(2)(A)(i)(II) and 516A(a)(2)(B)(i), 19 U.S.C. § 1516a(a)(2)(A)(i)(II), (a)(2)(B)(i).

3. This Court has jurisdiction pursuant to 28 U.S.C. § 1581(c) and section 516A(a)(2)(A)(i)(II), (B)(i) of the Act, 19 U.S.C. § 1516a(a)(2)(A)(i)(II), (B)(i).

4. The standard of review, as set forth in section 516A(b)(1)(B)(i) of the Act, 19 U.S.C. § 1516a(b)(1)(B)(i), is whether the determinations, findings or conclusions of Commerce were "unsupported by substantial evidence on the record, or otherwise not in accordance with law."

## III. STANDING

5. JA Solar consists of a domestic importer and foreign producers and exporters of the subject merchandise. JA Solar Vietnam Co. Ltd. was selected as a mandatory respondent in the underlying investigation and participated by submitting factual information in addition to

arguments in a case and rebuttal brief. JA Solar is, therefore, an "interested party" within the meaning of sections 771(9)(A) and 516A(f)(3) of the Act, 19 U.S.C. §§ 1677(9)(A) and 1516a(f)(3).

6. Accordingly, JA Solar has standing to commence this action pursuant to 28 U.S.C. § 2631(c).

## IV. TIMELINESS OF THIS ACTION

7. JA Solar filed a summons to commence this action on July 24, 2025, within 30 days of the publication in the Federal Register of the AD Order. See Summons (July 24, 2025), ECF No. 1; AD Order, 90 Fed. Reg. 26,786. This complaint is being filed within 30 days after the date on which the summons was filed.

8. Thus, JA Solar's summons and complaint are timely filed pursuant to 19 U.S.C. § 1516a(a)(2)(A)(i) and (B)(i) and USCIT Rule 3(a)(2), 6(a).

## V. STATEMENT OF FACTS

9. On April 24, 2024, the American Alliance for Solar Manufacturing Trade Committee ("Petitioner") consisting of First Solar, Inc., Hanwha Q CELLS USA, Inc., and Mission Solar Energy LLC. filed a petition for the imposition of antidumping duties on imports of solar cells from Cambodia, Malaysia, Thailand, and Vietnam, as well as the imposition of countervailing duties on imports of solar cells from the same countries. See Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules, From Cambodia, Malaysia, Thailand, and the Socialist Republic of Vietnam: Initiation of Less-Than-Fair-Value Investigations, 89 Fed. Reg. 43,809 (Dep't of Commerce May 14, 2024).

10. On May 14, 2024, Commerce published notice of the initiation of a less-than-fair value investigation on solar cells from the Socialist Republic of Vietnam. See id. The International

Trade Commission ("Commission") simultaneously conducted its investigation. See Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules, From Cambodia, Malaysia, Thailand and Vietnam; Institution of Antidumping and Countervailing Duty Investigations and Scheduling of Preliminary Phase Investigations, 89 Fed. Reg. 34,268 (Int'l Trade Comm'n April 30, 2024).

11. On June 14, 2024, the Commission published notice of its affirmative preliminary injury determination. Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules, From Cambodia, Malaysia, Thailand, and Vietnam; Determinations, 89 Fed. Reg. 50,633 (Int'l Trade Comm'n June 14, 2024).

12. On July 3, 2024, Commerce selected JA Solar Vietnam Co. Ltd. and Jinko Solar (Vietnam) Industries Company Limited ("Jinko") as mandatory respondents in the investigation. Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules From the Socialist Republic of Vietnam: Preliminary Affirmative Determination of Sales at Less Than Fair Value, Preliminary Affirmative Determination of Critical Circumstances, in Part, and Postponement of Final Determination and Extension of Provisional Measures, 89 Fed. Reg. 96,219 (Dep't of Commerce Dec. 4, 2024) ("Prelim. Determination"), and accompanying Dec. Mem. at 3 ("Prelim. Dec. Mem.").

13. In August and September 2024, JA Solar submitted timely responses to Section A of Commerce's antidumping questionnaire, i.e., the section relating to general information, and to sections C, and D of Commerce's antidumping questionnaire, i.e., the sections relating to U.S. sales and factors of production ("FOPs"). See id. at 4. From October through November 2024, JA Solar submitted timely responses to Commerce's supplemental questionnaires, as well as surrogate value ("SV") submissions. See id. at 4–5.

14.     On December 4, 2024, Commerce published its affirmative preliminary determination of sales at less-than-fair-value.  See Prelim. Determination, 89 Fed. Reg. 96,219.  On January 2, 2025, Commerce published an amended preliminary determination to revise the dumping margins for Jinko and the non-individually examined companies.  See Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules, From the Socialist Republic of Vietnam: Amended Preliminary Determination of Less-Than-Fair-Value Investigation, 90 Fed. Reg. 85 (Dept' of Commerce Jan. 2, 2025).

15.     In the Preliminary Determination, Commerce calculated normal value ("NV") using Indonesia data to value the respondents' FOPs.  See Prelim. Dec. Mem. at 12.

16.     Commerce ignored the more product-specific PVinsights data and instead preliminarily used Indonesian import data, with Malaysian data removed, under Harmonized Tariff Schedule ("HTS") subheading 7007.19 to value respondents' solar glass inputs.  See Mem. from Laurel LaCivita and Deborah Cohen to the File re: Less-Than-Fair-Value Investigation of Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules, from the Socialist Republic of Vietnam: Preliminary Surrogate Value Memorandum at 7–8 (Nov. 27, 2024) ("Prelim. SV Mem.").  Commerce removed the Malaysian import data, which constitute ninety-five percent of the total Indonesia import data, based on a 2020 countervailing duty determination issued by India's Directorate General of Trade Remedies on certain tempered glass exported from Malaysia to India.  See id.  After removing almost all trade under the applicable HTS code, the volume of the remaining Indonesian data relied upon by Commerce amounts to less than one full 20-foot container load and contains inapplicable and aberrational data.

17.     Commerce preliminarily used a simple average of the overhead, selling, general and administrative expenses and profit for PT Sat Nusapersada Tbk ("Satnusa") and PT Tera Data

Indonusa Tbk ("Tera Data") companies as the surrogate financial ratios, even though Satnusa is not a producer of comparable merchandise and is merely an assembler of unrelated products such as cell phones. See id. at 12–13.

18. From December 2, 2024 through December 6, 2024, Commerce conducted a verification of JA Solar's FOPs in Hanoi, Vietnam. Commerce conducted a verification of JA Solar's constructed export price sales at its U.S. headquarters in San Jose, California from January 22, 2025, through January 24, 2025. See Final I&D Mem. at 2–3.

19. On March 7, 2025, JA Solar submitted a case brief arguing that Commerce made the wrong preliminary determination regarding the solar glass SV and the surrogate financial ratios. See Letter on Behalf of JA Solar to Commerce re: Case Br. (Mar. 7, 2025) (Public Version) ("Case Br."). Specifically, JA Solar contended that Commerce should use the PVinsights data specific to JA Solar's glass input. See id. at 5–17. Alternatively, if Commerce continued to use the HTS data, Commerce should include the Malaysian import data and exclude the aberrational data and data entries with weight below a minimum glass pane of 12.81 KG from the Indonesian import data. See id. at 23. For the surrogate financial ratios, JA Solar contended that Commerce should exclude Satnusa's financial statements because Satnusa is not a producer of comparable merchandise and is merely an assembler of unrelated products. See id. at 24–28.

20. On March 19, 2025, JA Solar submitted a rebuttal case brief. See Letter on Behalf of JA Solar to Commerce re: Rebuttal Br. (Mar. 19, 2025) (Public Version).

21. On March 24, 2025, JA Solar participated in a public hearing conducted by Commerce.

22. On April 25, 2025, Commerce published the Final Determination. See Final Determination, 90 Fed. Reg. 17,388.

23. In the Final Determination, Commerce continued to use the Indonesian import data with Malaysian data removed as the SV for solar glass input instead of the product-specific PVinsights report. See Final I&D Mem. at Cmt. 1. In addition, Commerce continued to use Satnusa and PT Tera's financial data to calculate respondents' SV financial ratios. Id. at Cmt. 22.

24. On May 19, 2025, Commerce issued an analysis of ministerial error allegations in the Final Determination and revised JA Solar's dumping margin to 62.31 percent. AD Order, 90 Fed. Reg. at 26,787 n. 5.

25. On June 24, 2025, Commerce published the AD order in the Federal Register. See id.

26. On July 7, 2025, Commerce published the Amended AD Order in the Federal Register. See Am. AD Order, 90 Fed. Reg. 29,843.

## VI.  STATEMENT OF THE CLAIMS

### COUNT I

27. JA Solar herein incorporates by reference paragraphs 1 through 26, supra, of this complaint.

28. Commerce's decision to use the Indonesian import data under HTS subheading 7007.19, with Malaysian data removed, as the glass input SV, instead of the PVinsights data, was not based on substantial evidence and was otherwise not in accordance with law. Commerce unlawfully rejected the more product-specific PVinsights data and instead used the Indonesian import data covering an overly-inclusive range of glass products not specific to solar module production, such as cell phone glass protectors.

**COUNT II**

29. JA Solar herein incorporates by reference paragraphs 1 through 28, supra, of this complaint.

30. Commerce's decision to exclude the Malaysian data from the Indonesian import data under HTS subheading 7007.19 based on the 2020 countervailing duty determination issued by India's Directorate General of Trade Remedies on imports into India of certain tempered glass from Malaysia was not supported by substantial evidence and was otherwise not in accordance with law.

**COUNT III**

31. JA Solar herein incorporates by reference paragraphs 1 through 30, supra, of this complaint.

32. Commerce's decision not to remove aberrational values and data entries with weight below a minimum of 12.81 KG from the Indonesian import data was not supported by substantial evidence and was otherwise not in accordance with law.

**COUNT IV**

33. JA Solar herein incorporates by reference paragraphs 1 through 32, supra, of this complaint.

34. Commerce's decision to use the financial statements of Satnusa was not supported by substantial evidence and was otherwise not in accordance with law.

**COUNT V**

35. JA Solar herein incorporates by reference paragraphs 1 through 34, supra, of this complaint.

36. Commerce's decision not to adjust Satnusa's financial statements to account for the large amount of revenues and expenses generated from toll assembly services was not supported by substantial evidence and was otherwise not in accordance with law.

## DEMAND FOR JUDGMENT AND PRAYER FOR RELIEF

WHEREFORE, and as challenged herein, JA Solar respectfully prays that this Court:

(1) find that Commerce's actions as described in Counts I-V are unsupported by substantial evidence and otherwise not in accordance with law;

(2) order Commerce to recalculate the AD margin assigned to JA Solar in the investigation by correcting the errors set forth in Counts I-V;

(4) order Commerce to publish amended AD Order in the Federal Register in accordance with a final decision by this Court in this matter;

(5) provide such other relief as this honorable Court deems proper.

Respectfully submitted,

/s/ Jeffrey S. Grimson
Jeffrey S. Grimson
Bryan P. Cenko
Yixin (Cleo) Li
Evan P. Drake
Mowry & Grimson, PLLC
5335 Wisconsin Avenue, Suite 810
Washington, DC 20015
202-688-3610
trade@mowrygrimson.com
*Counsel to JA Solar*

Date: August 22, 2025